# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

---

## No. 97-20762

---

## UNITED STATES OF AMERICA,

**Plaintiff-Appellee,**

### VERSUS

## ROLANDO VASQUEZ-CHAMORRO,
### also known as Rolando Chamorro Vasquez,
### also known as Muscalito

**Defendant-Appellant.**

---

Appeal from the United States District Court
for the Southern District of Texas
(H-94-CR-225-2)

---

March 8, 1999

Before REYNALDO G. GARZA, POLITZ and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[*]

## I. Factual and Procedural Background

Rolando Vasquez-Chamorro ("Chamorro") w.as arrested after a Drug Enforcement Administration ("DEA") investigation revealed that he worked for Peruvian cocaine dealers who were importing cocaine into the United States on Peruvian cargo vessels. A confidential informant stated that Chamorro was a crew member on each vessel who knew about the drug shipments. Chamorro was responsible for ensuring that each drug shipment reached a certain designated

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

individual.

On August 29, 1994, Chamorro was charged in a Criminal Complaint with five other individuals, including Rodolfo Morales Huertas ("Huertas") and Fidel Guevara-Torres ("Guevara"), with conspiracy to possess with intent to distribute and possession with intent to distribute in excess of 5 kilograms of cocaine. On September 26, 1994, Chamorro and Guevara, in a four count indictment, were both charged with: (1) conspiracy to possess with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846; (2) aiding and abetting in the unlawful possession with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2; (3) conspiracy to import cocaine into the United States in excess of five kilograms, in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(B) and 963; and (4) aiding and abetting in the unlawful importation of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(B) and 18 U.S.C. § 2.

A subsequent jury trial found both Chamorro and Guevara guilty on all four counts. In calculating the quantity of drugs for sentencing Chamorro, the presentence report ("PSR") relied upon dates and cocaine loads referred to by the confidential informant in his/her debriefings. The confidential informant referenced sixteen different trips consisting of 2,068 kilograms of cocaine. Using this amount, the PSR calculated a base offense level of 38 pursuant to U.S.S.G. section 2D1.1. The PSR increased this base offense level by three levels for Chamorro's manager or supervisor role, resulting total offense level of 41. With Chamorro's criminal history category of I, the PSR resulted in a range of 324-405 months.

After Chamorro objected to this calculation, the probation officer stated that the minimum that the district court could consider was 185 kilograms of cocaine. The probation officer corroborated the confidential informant's information of 185 kilograms of cocaine by viewing the crew logs to verify that Chamorro was actually aboard the vessels. Of the fourteen trips logged to the United States, on which the defendant was a crew member, the confidential informant referenced specific dates and load amounts regarding five of those trips: (1) June 5, 1993 (50 kilograms); (2)

2

August 8, 1993 (50 kilograms); (3) November 1993 (amount unknown); (4) May 28, 1994 (35 kilograms); and (5) August 28, 1994 (50 kilograms).

The district court sustained Chamorro's objections in part and only sentenced him based upon the185 kilograms that could be verified by the crew logs. This did not result in a change in the base level from the PSR because any amount in excess of 150 kilograms results in a base offense level of 38. The district court sentenced Chamorro to 324 months of imprisonment.

This appeal followed.

## II. Standard of Review

We review the trial court's application of the sentencing guidelines *de novo*. *United States v. Crow*, 164 F.3d 229, 238 (5th Cir. 1999). The district court's factual findings for sentencing purposes are reviewed under the clearly erroneous standard. *United States v. Millsaps,* 157 F.3d 989, 995 (5th Cir. 1998). "A factual finding is not clearly erroneous as long as it is plausible in the light of the record read as a whole." *United States v. Cluck*, 143 F.3d 174,180 (5th Cir. 1998). The district court's calculation of the quantity of drugs involved in an offense is a factual determination. *United States v. Alford*, 142 F.3d 825, 831 (5th Cir. 1998).

Generally, a PSR bears sufficient indicia of reliability to be considered as evidence by the district court in making the factual determinations required by the Sentencing Guidelines. *Id.* at 831-32 (citation omitted). If the defendant does not present rebuttal evidence to challenge the information in the PSR the district court may adopt facts contained in the PSR without further inquiry or explanation. *United States v. Mitchell*, --- F.3d ----, 1999 WL 38800 (5th Cir. 1999). Thus, the defendant must show that the information in the PSR relied upon by district court is materially untrue. *Alford*, 142 F.3d at 832.

## III. Discussion

3

In his appeal, Chamorro contests the 185 kilograms of cocaine and how it was arrived at by the district court in applying the Sentencing Guidelines. This Court notes that as to the August 24, 1994 shipment, there is sufficient corroboration to support 35 of the 50 kilograms. Although we find that there is no corroboration for the additional 15 kilograms, we conclude that this error is harmless because it does not affect the district court's Sentencing Guideline calculation.[2] Furthermore, after reviewing the district court's opinion, the PSR, the record and the parties' briefs, we hold that the district court did not further err in determining the amount of cocaine and therefore properly applied the Sentencing Guidelines in its determination of Chamorro's sentence.

## IV. Conclusion

For the aforementioned reasons we find that the district court properly applied the Sentencing Guidelines in determining Chamorro's sentence. Accordingly, the district court's decision is hereby AFFIRMED.

---

[2] The failure of the district court in not reducing the 185 kilograms by these 15 kilograms is harmless error because the quantity is still more than 150 kilograms and results in a base offense level of 38.

4